# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| TYRELL L. MOSS, | ) | CASE NO. 1:17CR69 |
| --- | --- | --- |
| | ) | (CIVIL CASE NO. 1:18CV1609) |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

This matter is before the Court on the motion of *pro se* petitioner Tyrell L. Moss ("Moss") for leave to amend his motion to vacate, set aside, or correct his sentence. (Doc. No. 23 ["Mot. Amend"]; *see* Doc. No. 22 ["§ 2255 Mot."].) Respondent United States of America ("government") has filed a response indicating that it does not oppose the amendment. (Doc. No. 25 ["Mot. Amend Resp."].)

On May 1, 2017, Moss entered a plea of guilty to the offense charged in the indictment, pursuant to the terms of a plea agreement. (Doc. No. 15 (Plea Agreement).) On August 11, 2017, the Court sentenced Moss to a term of imprisonment of 96 months. (Doc. No. 21 (Judgment).) On July 13, 2018, Moss filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his § 2255 motion, he alleges that he received ineffective assistance from his trial counsel. (§ 2255 Mot. at 121.) Specifically, Moss maintains that trial counsel erred by failing to object to the criminal history score assigned at the time of sentencing. (*Id.*)

Moss now seeks to amend his § 2255 motion to add a second claim of ineffective assistance of counsel. In particular, he seeks leave to add a claim that trial counsel failed to file a

notice of appeal after allegedly being requested to do so by Moss after sentencing. (Mot. Amend at 137.)

"A motion to amend a § 2255 motion is governed by Federal Rule of Civil Procedure 15(a), which provides that leave to amend a pleading should be 'freely give[n] . . . when justice so requires.'" *United States v. Clark*, 637 F. App'x 206, 208-09 (6th Cir. 2016) (quoting Fed. R. Civ. P. 15(a)). After a responsive pleading is filed, the complaining party may amend the pleadings only with the opposing party's written consent or by leave of court. Fed. R. Civ. P. 15(a). The decision whether to permit the amendment is committed to the discretion of the trial court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-32, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971); *Estes v. Ky. Util.*, 636 F.2d 1131, 1133 (6th Cir. 1980). The trial court's discretion, however, is "limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on the merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987).

"Leave to amend may be denied when it would result in undue delay, prejudice to the opposing party, or repeated failure to cure deficiencies in the complaint." *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) (citing *Forman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Duchon v. Cajon Co.*, 791 F.2d 43, 48 (6th Cir. 1986)). When a party has delayed in seeking amendment, the court weighs the cause shown for the delay against the resulting prejudice to the opposing party. *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir. 1973). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution

of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps*, 30 F.3d at 662-63. The longer the period of unexplained delay, the less prejudice the adverse party will be required to show to defeat the motion. *Id*. at 662.

The Court finds no reason to deny petitioner leave to amend his § 2255 motion. There is no evidence that petitioner delayed in requesting leave to amend, and there appears to be no significant prejudice to the government in permitting such leave as evidenced by the government's lack of opposition. Moreover, the Court cannot determine from the face of the motion that the amendment would be untimely as the request to amend was filed within the one-year statute of limitations set forth in 28 U.S.C. § 2255(f), and the requested amendment appears to arise out of the same conduct, transaction, or occurrence set out in the original pleading. *See* Fed. R. Civ. P. 15(c)(1).

Accordingly, and for good cause shown, Moss's motion (Doc. No. 23) to amend his motion to vacate is GRANTED. Moss shall have leave until February 15, 2019 to file his amended § 2255 motion. The government shall have leave until March 1, 2019 to file a response. Additionally, because the Court has granted Moss's request to amend, his motion for an order to show cause (Doc. No. 26) is DENIED as moot.

**IT IS SO ORDERED**.


Dated: January 11, 2019

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**