IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO.: 1:17CR69 |
| | ) |
| Plaintiff, | ) JUDGE SARA LIOI |
| | ) |
| v. | ) |
| | ) |
| TYRELL L. MOSS, | ) GOVERNMENT'S RESPONSE IN |
| | ) OPPOSITION TO DEFENDANT- |
| Defendant. | ) PETITIONER'S MOTION TO VACATE |
| | ) UNDER § 2255 |

Now comes the United States of America, by and through its undersigned counsel, submitting this response in opposition to Defendant-Petitioner Tyrell L. Moss's Motion to Vacate under 28 U.S.C. § 2255. (Doc. 22: § 2255 Mot., PageID 118–34). Moss raises two claims in his § 2255 motion: first, that his counsel was ineffective at sentencing for failing to object to two of Moss's prior convictions counting toward his criminal history score, and second, that his counsel was ineffective for not filing an appeal after being requested to do so. As explained below, the Court should deny Moss's first claim without a hearing because any objection to the criminal history calculation in this case would have been frivolous. Moss's second claim merits an evidentiary hearing because there is a contested issue of fact on whether he asked his counsel to file an appeal.

I. **Procedural History**

On May 1, 2017, Moss entered a guilty plea with a written plea agreement to one count of Interstate Transportation for Commercial Sex, in violation of 18 U.S.C. §§ 2421 and 2. (Doc.

15: Plea Agreement, PageID 39–49). In the plea agreement, Moss admitted that between September and October of 2016, he transported a minor from Washington to Ohio to engage in prostitution. (*Id.*, PageID 45–46). The plea agreement stipulated that Moss's offense level would be 27 following a three-level reduction for acceptance of responsibility. *See* (*id.*, PageID 43). There was no agreement on Moss's Criminal History Category. (*Id.*). Moss also agreed to waive all of his appellate and post-conviction rights, with the exception of the following:

> Defendant reserves the right to appeal: (A) any punishment in excess of the statutory maximum; or (B) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court. Nothing in this paragraph shall act as a bar to Defendant perfecting any legal remedies Defendant may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct.

(*Id.*, PageID 43–44). The PSR assessed Moss four criminal history points and placed him into Criminal History Category III based on the following four prior convictions:

| 53. | 02/28/2008 (Age 24) | Possession of Marijuana (40 grams or Less); Tacoma Municipal Court, Tacoma, WA, Case No. CR0084181 | 07/13/2009: 90 days and fined $1,000. Sixty days and $500 of fine suspended. | 4A1.1(c) | 1 |
|---|---|---|---|---|---|

The defendant was afforded attorney representation. Defendant maintains his entire sentence was suspended and he received probation. Regardless, of his position that he was granted probation the conviction still receives one point under USSG §4A1.1(c).

| 54. | 09/06/2008 (Age 24) | False Information to Police Officer; Washington County Circuit Court, Hillsboro, OR, Case No. D0848433T | 10/14/2008: 14 days in a jail. Fined $137. Placed on 18 months probation. | 4A1.1(c) | 1 |
|---|---|---|---|---|---|

The defendant was represented by counsel.

| 55. | 06/04/2009 (Age 25) | Attempted Unlawful Possession of a Controlled Substance (Cocaine); Pierce County Superior Court, Tacoma, WA, Case No. 09-1-02832-1 | 09/09/2009: Sentenced to 1 day in jail and 12 months probation. | 4A1.1(c) | 1 |

The defendant was represented by counsel. The defendant made a written statement as part of his plea that on June 4, 2009, he attempted to possess cocaine.

| 56. | 06/29/2014 (Age 30) | Making False Statements Driving While under the Influence; Tukwila Municipal Court, Tukwila, WA, Case No. C001934 and C002393 | 08/13/2014: Sentenced to 654 days in jail. Jail time suspended. | 4A1.1(c) | 1 |

The defendant was represented by counsel.

(Doc. 17: PSR, PageID 83). Consistent with the plea agreement, the PSR calculated Moss's offense level to be 27, for a total Guidelines range of 87 to 108 months. (*Id.*, PageID 87).

Moss's sentencing hearing took place before the Court on August 11, 2017. (Doc. 30: Transcript of Sentencing, PageID 162–97). The Court adopted the PSR's calculation of the Sentencing Guidelines and asked the parties whether there were any objections to that calculation. (*Id.*, PageID 170–71). The Government had no objection. (*Id.*, PageID 171). Moss's attorney stated the following regarding the Guidelines calculation:

> Judge, there is no objection to it as the probation officer got it right. The only thing my client did want me to point out to the court is that of the four points that he receives for his criminal history category, three of them are actually misdemeanors. So he does have one prior felony conviction that's counted here, but I think [it] is a DUI. I think one is a possession of a small amount, a misdemeanor, which in Ohio is just a minor misdemeanor.
>
> So my client did want me to point this out to the court so the court could consider this however it chooses.

3

(*Id.*). Despite offering allocution, Moss never corrected or supplemented his attorney's statement about the criminal history calculation. *See* (*id.*, PageID 162–97). After hearing from the parties, the Court imposed a within-Guidelines sentence of 96 months of imprisonment followed by 10 years of supervised release. (*Id.*, PageID 186–87). Moss did not appeal his conviction or sentence, which became final on the same day as his sentencing hearing. *See* (Doc. 21: Judgment, PageID 111–17).

On July 13, 2018, Moss filed a timely motion under 28 U.S.C. § 2255 to vacate his sentence, claiming that his counsel was ineffective for not objecting to two of his prior convictions counting toward his criminal history score. (Doc. 22: § 2255 Mot., PageID 121). Moss subsequently moved to amend his § 2255 motion to add a claim that his counsel was ineffective for failing to file an appeal after being requested to do so. (Doc. 23: Mot. to Amend, PageID 137). The Court granted Moss's motion for leave to amend without objection from the Government. (Doc. 27: Order, PageID 151–53). Moss then filed his amended § 2255 motion. (Doc. 28: Amended § 2255 Mot., PageID 154–59). On February 25, 2019, the Court granted the Government's motion to stay proceedings pending the Supreme Court's decision in *Garza v. Idaho*. The Supreme Court issued a decision in *Garza* on February 27, 2019.

## II. Legal Standard

### A. Standard for a § 2255 Motion

A petitioner seeking to set aside their sentence pursuant to Section 2255 bears the burden of proving their claims by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). "If the record includes a factual dispute, the district court must hold a hearing to determine the truth of the petitioner's claims." *Ross v. United States*, 339 F.3d 483,

490 (6th Cir. 2003) (quotations omitted). However, a petitioner is not entitled to a hearing where "the files and records of the case conclusively show that he is not entitled to relief." *Id.*

### B. Standard for Ineffective Assistance of Counsel

In order to succeed on a claim of ineffective assistance of counsel, a criminal defendant bears the burden of showing two elements:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). The right to effective assistance of counsel applies to sentencing proceedings. *Glover v. United States*, 531 U.S. 198, 198–99 (2001).

As to the first element, a defendant must demonstrate that their counsel acted "outside the wide range of professionally competent assistance[.]" *Strickland*, 466 U.S. at 690. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). Relevant here, an attorney's failure to raise frivolous objections does not constitute ineffective assistance of counsel. *Green v. United States*, 23 F.3d 406, *2 (6th Cir. 1994) (unpublished); *see also Goldsby v. United States*, 152 F. App'x 431, 438 (6th Cir. 2005) ("Failing to file a frivolous motion does not constitute ineffective assistance of counsel[.]").

As to the second element, a defendant must demonstrate a reasonable probability that, but for their counsel's alleged errors, the result of the proceedings would have been different.

5

*Strickland*, 466 U.S. at 694. In the context of sentencing, the defendant must show a reasonable probability that their sentence would have been different if not for their counsel's errors. *See United States v. Jones*, 308 F. App'x 930 (6th Cir. 2009) (holding that the defendant was not prejudiced by their counsel's failure to file a request for a downward departure at sentencing, in part because the defendant "offer[ed] no reason to believe that the district court would have sentenced him differently had counsel sought a departure").

If the court determines that the defendant has failed to satisfy one element of the *Strickland* test, the court need not consider the other element. *Strickland*, 466 U.S. at 697.

**III.  Argument**

    **A. Moss has failed to show that his counsel was ineffective for not objecting to the Court's criminal history calculation, as any objection to that calculation would have been frivolous.**

Moss first claims that his counsel was ineffective for failing to object "to an incorrect criminal history score/category." (Doc. 22: § 2255 Mot., PageID 121). More specifically, Moss claims that his attorney should have objected to the Court assessing one point for his 2014 False Statement/DUI conviction because that sentence was entirely suspended. *See* (Doc. 22-1: Def. Memo., PageID 133). Moss also claims that his attorney should have objected to the assessment of criminal history points for his 2014 False Statement/DUI conviction and his 2009 Attempted Cocaine Possession conviction because those convictions were specifically exempted by the table of offenses listed in U.S.S.G. § 4A1.2(c)(1). *See* (*id.*, PageID 132). Moss's claims are without merit. A simple review of the applicable Sentencing Guidelines shows that any objection by Moss's attorney to the Court's criminal history calculation would have been frivolous, meaning that Moss has failed to meet either prong of the *Strickland* test.

6

Section 4A1.1(c) of the Sentencing Guidelines requires the court to "[a]dd 1 [criminal history] point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection." U.S.S.G. § 4A1.1(c). A "prior sentence" is defined as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). The Guidelines clarify that "[a] conviction for which the imposition or execution of the sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c)." U.S.S.G. § 4A1.2(a)(3). The exceptions to prior sentences counting as one point under § 4A1.1(c) are listed in Application Note 3 to § 4A1.1. Relevant here, criminal history points do not accrue under § 4A1.1(c) for sentences that were imposed more than 10 years prior to the defendant's commencement of the instant offense, *see* U.S.S.G. § 4A1.2(e), or for certain specified non-felony offenses unless the sentence for that offense was "a term of probation of more than one year or a term of imprisonment of at least thirty days," *see* U.S.S.G. § 4A1.2(c)(1).

Applying those provisions to this case, the Court correctly determined that Moss's 2009 Attempted Cocaine Possession and 2014 False Statement/DUI convictions accrued one criminal history point each under § 4A1.1(c). Both sentences qualified as "prior sentences" because they resulted from convictions separate from Moss's criminal conduct in this case. *See* U.S.S.G. § 4A1.2(a)(1). Both sentences met the time constraints of § 4A1.2(e) because they were imposed within 10 years of Moss's criminal conduct, which took place between September and October of 2016. The fact that both sentences were partially or entirely suspended was irrelevant to whether they accrued criminal history points under § 4A1.1(c). *See* U.S.S.G. § 4A1.2(a)(3). And the Court did not assess more than four points under § 4A1.1(c). In short, there was no

7

error at all in how the Court calculated Moss's criminal history score, and any objection by his attorney to that calculation would have been frivolous.

Moss's arguments to the contrary are meritless. He first cites the Guidelines' definition of "sentence of imprisonment"[1] and uses that to assert that his 2014 False Statement/DUI conviction should not have counted toward his criminal history score because that sentence was entirely suspended. *See* (Doc. 22-1: Def. Memo., PageID 132) (citing U.S.S.G. § 4A1.2(b)(2)). This argument confuses the terms "prior sentence" and "sentence of imprisonment," which have different definitions and applications in the Guidelines. Section 4A1.1(c) requires the court to add one criminal history point for each "prior sentence," whereas § 4A1.1(a) and (b) require the court to add two or three criminal history points for each prior "sentence of imprisonment." All of Moss's criminal history points accrued as "prior sentence[s]" under § 4A1.1(c), and not as "sentence[s] of imprisonment" under § 4A1.1(a) or (b). And as noted above, a sentence that was "totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c)." U.S.S.G. § 4A1.2(a)(3). Thus, the fact that Moss's prior sentences were partially or totally suspended was irrelevant to whether they accrued criminal history points under § 4A1.1(c), and any objection by Moss's attorney based on that argument would have been frivolous.

Moss's other argument, which is similarly meritless, seems to be that his 2009 Attempted Cocaine Possession and 2014 False Statement/DUI convictions should not have counted toward his criminal history score because they were similar to the non-felony offenses specified in § 4A1.2(c)(1). *See* (Doc. 22-1: Def. Memo., PageID 132). Section 4A1.2(c)(1) provides a list of

---

[1] "Sentence of imprisonment" is defined in the Guidelines as "a sentence of incarceration and refers to the maximum sentence imposed. If part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended." U.S.S.G. § 4A1.2(b)(1).

specified non-felony offenses that count toward a defendant's criminal history score only if "the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days [or] the prior sentence was similar to the instant offense." U.S.S.G. § 4A1.2(c)(1). Drug possession is not one of those specified offenses, meaning that there was no basis under § 4A1.2(c)(1) for Moss's attorney to object to that conviction counting toward his criminal history score. And although "[f]alse information to a police officer" is one of the specified offenses in § 4A1.2(c)(1), Moss overlooks the fact that his 2014 False Statement conviction also included a conviction for Driving Under the Influence, which the Guidelines clarify is "always counted, without regard to how the offense is classified [and] Paragraphs (1) and (2) of § 4A1.2(c) do not apply." *See* U.S.S.G. § 4A1.2, Application Note 5. As such, there was no basis under § 4A1.2(c)(1) for Moss's attorney to object to his 2014 False Statement/DUI conviction counting toward his criminal history score.[2]

Thus, because the Court correctly calculated Moss's criminal history score, any objection to that calculation by Moss's attorney would have been frivolous, meaning that Moss has failed to show deficient performance or prejudice under the *Strickland* test.

### B. Moss's claim that his counsel failed to file a notice of appeal after being asked to do so merits an evidentiary hearing, although the Government disputes Moss's factual claim.

Moss's second claim is that his counsel "was ineffective when he failed to file a notice of appeal after being requested to do so by [Moss] after sentencing." (Doc. 28: Amended § 2255

---

[2] The Government also notes that Moss's attorney specifically brought the nature of his prior misdemeanor convictions to the Court's attention at Moss's request, stating, "[t]he only thing my client did want me to point out to the court is that of the four points that he receives for his criminal history category, three of them are actually misdemeanors." *See* (Doc. 30: Transcript of Sentencing, PageID 171).

9

Mot., PageID 154). In *Garza v. Idaho*, -- S. Ct. --, 2019 WL 938523 (2019), the Supreme Court held that where defense counsel fails to file a notice of appeal despite the defendant's request to do so, counsel has provided deficient performance and prejudice is presumed, even where the defendant was bound by an appellate waiver in their plea agreement.

Based on a conversation with Moss's former attorney, John Grevan, the Government disputes Moss's factual claim that he asked his attorney to file an appeal. Nonetheless, Moss's claim warrants an evidentiary hearing because this is a contested issue of fact needed to resolve his claim. *See Ross*, 339 F.3d at 490. An evidentiary hearing should be limited to the factual issue of whether Moss actually requested his attorney to file a notice of appeal, with Moss bearing the burden of proving that contention by a preponderance of the evidence. *See Pough*, 442 F.3d at 964. Even if Moss prevails at an evidentiary hearing, his remedy is limited to filing a late appeal. *See Garza*, 2019 WL 938523 at *8 ("When counsel's deficient performance forfeits an appeal that a defendant otherwise would have taken, the defendant gets a new opportunity to appeal.").

### III. Conclusion

For the above reasons, the Court should (1) deny without a hearing Moss's claim that his counsel was ineffective for failing to object to the assessment of criminal history points, since that objection would have been frivolous, and (2) conduct an evidentiary hearing on the issue of whether Moss actually instructed his attorney to file an appeal, with Moss's remedy being limited to a delayed appeal if he prevails.

        Respectfully submitted,

        JUSTIN E. HERDMAN
        United States Attorney

By:   /s/ James P. Lewis
       James P. Lewis (MD: 1412170148)
       Assistant United States Attorney
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3958
       (216) 522-8355 (facsimile)
       James.Lewis@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 7th day of March 2019, a copy of the foregoing document was filed electronically and mailed to Defendant-Petitioner Tyrell L. Moss, No. 64650-060, USP Atwater, P.O. Box 019001, Atwater, CA 95301. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                        /s/ James P. Lewis  
                                        James P. Lewis  
                                        Assistant U.S. Attorney